## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CESAR ROCHA and RALPH JETER,** **Individually, and on Behalf of All Others Similarly Situated,** <br> **Plaintiffs,** <br> v. <br><br> **GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, L.P,** <br> **Defendant.** | **Case No.** _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

### COLLECTIVE / CLASS ACTION COMPLAINT

Cesar Rocha and Ralph Jeter ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against Gateway Funding Diversified Mortgage Services, L.P. ("Defendant") concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief and the investigation of their counsel:

### NATURE OF ACTION

1.      Plaintiffs contend that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:12-5634:11-56a4 and New Jersey Wage and Hour Regulations, N.J.A.C. 12:56-5.1 and 12:56-6.1, by knowingly misclassifying its inside sales Loan Officers as exempt employees and failing to pay them required minimum and overtime wages.  Plaintiffs seek to bring their FLSA claims as a multi-state collective action under 29 U.S.C. § 216(b) and Plaintiff Jeter seeks to bring his claims under New Jersey law as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1), because the

matter in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs and because the Parties are residents of different states.

3.       This Court has supplemental jurisdiction over Plaintiff Jeter's claims for violation of New Jersey law pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction and are so related to Plaintiffs' FLSA claim as to form part of the same case or controversy.

4.       Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendant's headquarters is located in Montgomery County, PA, Defendant has significant business contacts within this District, acts and omissions giving rise to Plaintiffs' claims occurred within this District and Defendant has selected this forum as the one in which claims must be brought.

## PARTIES

5.       Plaintiff Rocha is an adult citizen of the State of Utah who Defendant employed as an inside sales Loan Officer in American Forks, Utah during the relevant period.  Throughout this period, Plaintiff Rocha's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendant's offices.  To meet the productivity requirements Defendant placed on him, Plaintiff Rocha routinely worked more than 40 hours per week.  However, Defendant classified Plaintiff Rocha as exempt from federal and state overtime requirements and paid him on a commission only basis, which did not include overtime wages for hours worked beyond 40 in a week and also resulted in payment below minimum wage in certain workweeks. Plaintiff Rocha has filed a Consent Form to join this litigation.  *See* Exhibit A.

6.       Plaintiff Jeter is an adult citizen of the State of New Jersey who Defendant employed as an inside sales Loan Officer in Brigantine, New Jersey during the relevant period.

2

Throughout this period, Plaintiff Jeter's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendant's offices.  To meet the productivity requirements Defendant placed on him, Plaintiff Jeter routinely worked more than 40 hours per week.  However, Defendant classified Plaintiff Jeter as exempt from federal and state overtime requirements and paid him on a commission only basis, which did not include overtime wages for hours worked beyond 40 in a week and also resulted in payment below minimum wage in certain workweeks.  Plaintiff Jeter has filed a Consent Form to join this litigation.  *See* Exhibit A.

  7. Defendant is a national mortgage bank that provides mortgage banking services to consumers in Pennsylvania, Utah, New Jersey and other states across the country.  It is one of the largest privately-held mortgage companies in the Untiled States. *See http://www.gateway-funding. com/Mortgage/AboutUs.aspx.*  At all relevant times, Defendant has been an "employer" as defined under the FLSA and New Jersey law.

<u>**MATERIAL FACTS**</u>

  8. Pursuant to Defendant's common company-wide policies and procedures, all inside sales Loan Officers Defendant employed during the relevant period had the same primary job duty: to sell residential mortgage loans from inside Defendant's offices.  They were, in essence mortgage salespeople.

  9. Plaintiffs and the Collective / Class members were not primarily responsible for performing work directly related to the management or Defendant's general business operations, were not primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendant's business operations and performed their duties from inside Defendant's offices.

3

10.     Throughout the relevant period, Defendant unilaterally dictated and controlled the terms of Plaintiffs' and the Collective / Class members' employment, including the nature of their work, the wages they received and their classification as employees exempt from federal and state overtime requirements.

11.     Throughout the relevant period, Defendant also unilaterally dictated and controlled the common policies governing the Plaintiffs' and the Collective / Class members' employment, including their productivity requirements, how their wages were calculated and how their hours were tracked.

12.     Pursuant to Defendant's common policies, Defendant knowingly suffered or permitted Plaintiffs and the Collective / Class members to arrive early for work, stay late at work and perform work-related tasks on weekends.  As a result, Plaintiffs and the Collective / Class members regularly worked well over 40 hours each week.

13.     Although Defendant knew how many hours Plaintiffs and the Collective / Class members worked, it did not require them to maintain accurate, contemporaneous records of their actual work hours.

14.     Pursuant to Defendant's common policies, Plaintiffs and the Collective / Class members did not receive a weekly guaranteed salary of at least $455.00.  Instead, Defendant paid Plaintiffs and the Collective / Class members on a commission only basis, which did not include overtime wages for all hours worked beyond 40 each week.

15.     Further, pursuant to Defendant's common policies, Plaintiffs and the Collective / Class members also routinely worked hours for which they did not receive the required minimum wage.

4

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages and other relief related to Defendant's violation of the FLSA.

17.     Plaintiffs seek to maintain this suit as a collective action  pursuant to 29 U.S.C §216(b) on behalf of themselves and the following FLSA Collective:

> All people who worked as inside sales Loan Officers for
> Defendant, its subsidiaries, or affiliated companies at any time
> during the maximum limitations period who worked more than 40
> hours in any week without receiving all overtime compensation
> required by federal law or wages over the required minimum level
> for every hour worked.

Plaintiffs reserve the right to amend this definition as necessary.

18.     Plaintiffs are members of the FLSA Collective defined above, because they were employed by Defendant as inside sales Loan Officers during the relevant period and regularly worked hours for which they were not paid minimum wages and regularly worked more than 40 hours per week without receiving any compensation for their overtime hours.

19.     Although Plaintiffs and the FLSA Collective members may have worked in different offices, this action may be properly maintained on a collective basis because:

      a.     Defendant employed all of the FLSA Collective members;

      b.     All of the FLSA Collective members had the same job duties;

      c.     None of the FLSA Collective members were primarily responsible for performing work directly related to the management or general business operations of Defendant or its customers;

      d.     All of the FLSA Collective members performed their mortgage sales duties from inside Defendant's offices.

5

e.      None of the FLSA Collective members were primarily responsible for the exercise of discretion and independent judgment with respect to matters of s6ignificance to Defendant's business operations;

f.      Defendant classified all of the FLSA Collective members as exempt from federal overtime requirements;

g.      Plaintiffs and the FLSA Collective members regularly worked more than 40 hours per week;

h.      Defendant did not maintain accurate contemporaneous records of the hours Plaintiffs and the FLSA Collective members worked, or cause Plaintiffs and the FLSA Collective members to maintain such records;

i.      Defendant did not pay Plaintiffs and the FLSA Collective members any overtime wages for minimum wages or for the hours they worked beyond 40 each week;

j.      Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and the FLSA Collective members;

k.      Defendant maintained common payroll systems and policies with respect to Plaintiffs and the FLSA Collective members; and

l.      Defendant's labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies at issue here.

20.     Plaintiffs and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been subjected to the same requirements under the FLSA to be paid overtime wages unless properly exempted thereunder;

6

been subjected to similar pay plans; been required to work and have worked in excess of forty hours per week; and have not been paid overtime premium wages for all overtime hours they worked.

21.     Defendant encouraged, permitted, and required Plaintiffs and other members of the FLSA Class to work more than forty (40) hours per week without overtime compensation.

22.     Defendant encouraged, permitted, and required Plaintiffs and other members of the FLSA Class to work hours for which they were not paid minimum wages.

23.     Defendant knew that Plaintiffs and other members of the FLSA Class performed work that required compensation for minimum wages and/or overtime.   Nonetheless, Defendant operated under a scheme to deprive Plaintiffs and other members of the FLSA Class of minimum wages, overtime, or both by failing to properly compensate them for all time worked.

24.     Defendant's conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## STATE-LAW CLASS ACTION ALLEGATIONS

25.     Plaintiff Ralph Jeter brings this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following New Jersey Sub-Class:

> All people who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies in the state of New Jersey at any time during the maximum limitations period who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked.

Plaintiff Jeter reserves the right to amend this Sub-Class definition as necessary.

26.     Plaintiff Jeter is a member of the New Jersey Sub-Class he seeks to represent because he is a resident of New Jersey, worked as a Loan Officer for Defendant in New Jersey during the relevant period, regularly worked more than 40 hours per week without receiving any overtime

7

compensation and did not receive wages over the minimum level required by New Jersey law for every hour he worked.

27.     The members of the New Jersey Sub-Class are so numerous that their joinder would be impracticable.  Over the relevant period, Defendant is believed to have employed several hundred people in its New Jersey office locations.

28.     There are material questions of law or fact common to the members of the New Jersey Sub-Class because, as discussed throughout this filing, Defendant engaged in a common course of conduct that violated the New Jersey Sub-Class members' right to overtime pay.  Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous common questions of law and fact, including:

> a.     Whether Defendant conducted any analysis of the Sub-Class members' duties before classifying them as exempt;

> b.     Whether the Sub-Class members' primary job duties support their exempt status;

> c.     Whether the Sub-Class members are entitled to receive overtime premium wages for working more than 40 hours in a week;

> d.     Whether the Sub-Class members worked more than 40 hours per week;

> e.     Whether Defendant has maintained accurate contemporaneous records of the time worked by the Sub-Class members;

> f.     Whether Defendant's wage and hour practices violate New Jersey Law;

g.     Whether the Sub-Class members have suffered damages, and the proper measure of those damages; and

h.     Whether Defendant's failure to pay minimum wages and/or overtime compensation to the Sub-Class members was willful.

29.     Plaintiff Jeter's claims are typical of the claims belonging to the members of the New Jersey Sub-Class.  Plaintiff Jeter is similarly-situated to the putative Sub-Class members because they were treated as exempt from state overtime requirements, subjected to the same work and compensation policies and denied overtime premium wages and minimum wages required by New Jersey law as a result of Defendant's common course of conduct.

30.     Plaintiff Jeter will fairly and adequately assert and protect the interests of the absent Sub-Class members because: there is no apparent conflict of interest between Plaintiff and the absent New Jersey Sub-Class members; Plaintiff Jeter's Counsel have successfully prosecuted many complex Class actions, including state-law wage and hour class actions and will adequately prosecute these claims; and Plaintiff Jeter has adequate financial resources to assure the interests of the Sub-Class members will not be harmed because her counsel have agreed to advance the costs and expenses of litigation on the Sub-Class members' behalf contingent upon the outcome of this litigation consistent with the applicable rules of professional conduct.

31.     Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to the members of the New Jersey Sub-Class (including the propriety of Defendant's classification of the Sub-Class members as overtime exempt) predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation as a class

action; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims

32.     Given the material similarity of claims belonging to members of the New Jersey Sub-Class, even if each Sub-Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds of identical actions.  Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action will permit the efficient supervision of these claims, give rise to significant economies of scale for the Court and the Parties and result in a binding, uniform adjudication on all issues.

33.     Allowing Plaintiff's claims to proceed in a class action setting is also appropriate because the state laws at issue expressly permit private civil lawsuits to recover unpaid overtime wages.

**COUNT I**
**Violation of the FLSA**
**Failure to Pay Required Minimum Wages**
**(for all FLSA Collective members)**

34.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

35.     Throughout the relevant period, Plaintiffs and the FLSA Collective members were "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" and, so, were entitled to the to the minimum wage protections of the FLSA.  *See* 29 U.S.C. §§ 202, 206.

36.     FLSA Section 206(a)(1)(C) states that an employee must be paid a minimum wage of at least $7.25 per hour for every hour worked.

37.     As alleged herein, Defendant violated this provision of the FLSA through common, company-wide policies that caused Plaintiffs and the FLSA Collective members to be paid on a commission-only basis.

38.     Under these common policies, if Plaintiffs and the FLSA Collective members did not sell a new mortgage in a given period, which happened regularly, Defendant did not pay them any wages for that period, giving rise to a clear minimum wage violation.

39.     Defendant also violated the FLSA by failing to keep accurate contemporaneous records of all hours Plaintiffs and the FLSA Collective members worked.

40.     By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

41.     FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1). None of these exemptions apply to Plaintiffs and the FLSA Collective members because, *inter alia*, they were not paid a guaranteed salary of at least $455.00 a week, they were subject to pay deductions that remove these exemptions and do not otherwise meet the requirements for exempt status.

42.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of wages above the required minimum level in certain weeks from which Defendant derived a direct and substantial benefit.

WHEREFORE, Plaintiffs respectfully prays for an Order:

a.     Granting conditional certification to Plaintiffs' FLSA minimum wage claim;

b.      Appointing David J. Cohen of Kolman Ely, P.C., Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as FLSA Collective Counsel;

c.      Requiring Defendant to provide FLSA Collective Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

d.      Authorizing FLSA Collective Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

e.      Finding that Defendant willfully violated the FLSA by failing to pay required minimum wages to Plaintiffs and the FLSA Collective members;

f.      Granting judgment in favor of Plaintiffs and the FLSA Collective members on their FLSA minimum wage claim;

g.      Awarding Plaintiffs and the FLSA Collective members all compensatory damages owed under the FLSA;

h.      Awarding liquidated damages to Plaintiffs and the FLSA Collective members equal to their compensatory damages;

i.      Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim; and

j.      Declaring that Defendant willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendant from continuing to violate the FLSA on this basis;

     k.     Awarding any further relief the Court deems just, equitable and

proper.

**COUNT II**
**Violation of the FLSA**
**Failure to Pay Required Overtime Wages**
**(for all FLSA Collective members)**

43.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

44.     FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

45.     As alleged herein, Defendant violated this provision of the FLSA through common, company-wide policies that improperly classified Plaintiffs and the FLSA Collective members as exempt from federal overtime requirements.

46.     Under these common policies, although Plaintiffs and the FLSA Collective members regularly worked more than 40 hours per week, Defendant did not pay them any overtime premium wages for any of their hours beyond 40, giving rise to a clear overtime violation.

47.     Defendant also violated the FLSA by failing to keep accurate contemporaneous records of all overtime hours Plaintiffs and the FLSA Collective members worked.

48.     By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

49.     FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1).  None of these exemptions apply to Plaintiffs and the FLSA Collective members because, *inter alia*, they were not paid a guaranteed salary of at least $455.00 a

13

week, they were subject to pay deductions that remove these exemptions and do not otherwise meet the requirements for exempt status.

50.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of overtime premium wages owed for overtime work they performed from which Defendant derived a direct and substantial benefit.

WHEREFORE, Plaintiffs respectfully prays for an Order:

a.     Granting conditional certification to Plaintiffs' FLSA overtime claim;

b.     Appointing David J. Cohen of Kolman Ely, P.C., Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as FLSA Collective Counsel;

c.     Requiring Defendant to provide FLSA Collective Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

d.     Authorizing FLSA Collective Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

e.     Finding that Defendant willfully violated the FLSA by failing to pay all required overtime premium wages to Plaintiffs and the FLSA Collective members;

f.     Granting judgment in favor of Plaintiffs and the FLSA Collective members on their FLSA overtime claim;

14

g.      Awarding Plaintiffs and the FLSA Collective members all compensatory damages owed under the FLSA;

h.      Awarding liquidated damages to Plaintiffs and the FLSA Collective members equal to their compensatory damages;

i.      Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim; and

j.      Declaring that Defendant willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendant from continuing to violate the FLSA on this basis;

k.      Awarding any further relief the Court deems just, equitable and proper.

## COUNT III
### Violation of N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-6.1
### Failure to Pay Minimum and Overtime Wages
### (New Jersey residents only)

51.      Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52.      Defendant is an "employer" as defined by N.J.S.A 34:11-56-(a)(1)(g).

53.      Plaintiff Jeter and the New Jersey Sub-Class Members are "employees" as defined by N.J.S.A 34:11-56-(a)(1)(h).

54.      The minimum and overtime wages sought by this claim are "wages" as defined by N.J.S.A 34:11-56-(a)(1)(d).

55.      Throughout the relevant period, Defendant has been subject to the New Jersey Wage and Hour Act and the enabling Regulations noted here.

15

56.     The New Jersey Wage and Hour Act provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than…$7.15 per hour for 40 hours of working time in any week…." *See* N.J.S.A 34:11-56(a)(4).

57.     The New Jersey Wage and Hour Regulations further provide that: employees shall receive the minimum hourly wage rate set by section 6(a)(1) of the Federal "Fair Labor Standards Act or the rate provided under N.J.S.A. 34:11-56A4, whichever is greatest. *See* N.J.A.C. 12:56-3.1.

58.     The New Jersey Wage and Hour Act also provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than 1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week…." *See* N.J.S.A 34:11-56(a)(4).

59.     As alleged herein, Defendant violated the New Jersey Wage and Hour Act and its enabling Regulations through common, company-wide policies that caused Plaintiff Jeter and the New Jersey Sub-Class members to be improperly paid less than the required minimum wage for certain hours they worked.

60.     As alleged herein, Defendant also violated the New Jersey Wage and Hour Act and its enabling Regulations through common, company-wide policies that caused Plaintiff Jeter and the New Jersey Sub-Class members to be improperly denied required overtime premium wages for overtime hours they actually worked.

61.     As alleged herein, Defendant also violated the New Jersey Wage and Hour Act by failing to keep accurate contemporaneous records of all hours Plaintiff Jeter and the New Jersey Sub-Class members worked. *See* N.J.S.A 34:11-56(a)(20).

62.     Throughout the relevant period, Plaintiff Jeter and the New Jersey Sub-Class members have been entitled to the protections provided by New Jersey Wage and Hour Act and its

enabling Regulations, and have not been exempt from these protections for any reason.

63.     Specifically, Plaintiff Jeter and the New Jersey Sub-Class members do not meet any of the exemptions for bona fide executive, administrative, or professional employees found in N.J.S.A 34:11-56(a)(4) because, *inter alia*, they were not paid a guaranteed salary of at least $455.00 a week, they were subject to pay deductions that remove these exemptions and they do not otherwise meet the requirements for exempt status.

64.     By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the New Jersey Sub-Class members' rights under New Jersey Law.

65.     N.J.S.A 34:11-56(a)(25) expressly allows a private plaintiff to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

66.     N.J.S.A 34:11-56(a)(25) expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.     Granting class certification to Plaintiff Jeter's claim under the New Jersey Wage and Hour Law and its enabling Regulations;

b.     Approving Plaintiff Jeter as an adequate Class representative;

c.     Appointing David J. Cohen of Kolman Ely, P.C., Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as New Jersey Class Counsel;

d.     Requiring Defendant to provide New Jersey Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all New Jersey Class members;

e.    Authorizing New Jersey Class Counsel to issue an approved form of notice informing the New Jersey Class members of the nature of the action and their right to opt-out of this lawsuit;

f.    Finding that Defendant willfully violated the applicable provisions of the New Jersey Wage and Hour Law and its enabling Regulations by failing to pay wages owed to Plaintiffs and the New Jersey Class members for all hours worked;

g.    Granting judgment in favor of Plaintiff Jeter and the New Jersey Sub-Class members on their claim for violation of the New Jersey Wage and Hour Law and its enabling Regulations;

h.    Awarding Plaintiff Jeter and the Pennsylvania Class members all compensatory damages owed under the New Jersey Wage and Hour Law and its enabling Regulations;

i.    Awarding pre-judgment interest to Plaintiff Jeter and the New Jersey Class members on all compensatory damages due;

j.    Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim; and

k.    Declaring that Defendant willfully violated the New Jersey Wage and Hour Regulations as set forth above and granting an injunction prohibiting Defendant from continuing to violate the New Jersey Wage and Hour Regulations on this basis; and

l.    Awarding any further relief the Court deems just, equitable and proper.

**COUNT IV**
**Violation of N.J.A.C. 12:56-5.1 *et seq.***
**Failure To Pay For All Hours Worked**
**(New Jersey residents only)**

67.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

68.     The New Jersey Wage and Hour Regulations establish rules to effectuate the New Jersey State Wage and Hour Law ("the Act") provide sanctions for noncompliance and are expressly applicable to wages and hours subject to the Act. *See* N.J.A.C. 12:56-1.1.

69.     Plaintiff Jeter and the New Jersey Sub-Class Members are "employees" as defined by N.J.A.C. 12:56-2.1.

70.     Defendant is an "employer" as defined by N.J.A.C. 12:56-2.1.

71.     The overtime premium and minimum wages Plaintiff Jeter seeks are "wages" as defined by N.J.A.C. 12:56-2.1.

72.     The New Jersey Wage and Hour Regulations provide that a violation of the Act occurs when an employer: "Pays… wages at a rate less than the rate applicable under this chapter or any wage order issued pursuant thereto." *See* N.J.A.C. 12:56-1.2(a)(6).

73.     The New Jersey Wage and Hour Regulations also provide that "Employees entitled to the benefits of the Act shall be paid for all hours worked." *See* N.J.A.C. 12:56-5.1.

74.     As alleged herein, Defendant violated the New Jersey Wage and Hour Regulations through common, company-wide policies that caused Plaintiff Jeter and the New Jersey Sub-Class members to be improperly paid less than the required minimum wage for certain hours they worked.

75.     As alleged herein, Defendant further violated the New Jersey Wage and Hour Regulations through common, company-wide policies that caused Plaintiff Jeter and the New Jersey Sub-Class members to be improperly denied required overtime premium wages for overtime hours

19

they actually worked.

76.     As alleged herein, Defendant also violated the New Jersey Wage and Hour Regulations by failing to keep accurate contemporaneous records of all hours Plaintiffs and the New Jersey Sub-Class members worked. *See* N.J.A.C. 12:56-1.2(a)(2) and 12:56-4.1.

77.     Throughout the relevant period, Defendant has been subject to the New Jersey Wage and Hour Regulations noted here and Plaintiff Jeter and the New Jersey Sub-Class members have not been exempt from application of these protections for any reason.

78.     By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the New Jersey Sub-Class members' rights under New Jersey Law.

79.     Plaintiff Jeter and the New Jersey Sub-Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been paid below required minimum wage levels for certain work they performed and denied overtime premium wages for overtime work they performed , all of which provided Defendant with a direct and substantial benefit.

80.     N.J.S.A 34:11-56a25 expressly allows a private Plaintiffs to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

81.     N.J.S.A 34:11-56a25 expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

WHEREFORE, Plaintiffs respectfully prays for an Order:

a.     Granting class certification to Plaintiffs' claim for violation of the New Jersey Wage and Hour Regulations;

b.     Approving Plaintiff Jeter as an adequate Class representative;

c.     Appointing David J. Cohen of Kolman Ely, P.C., Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as New Jersey Class Counsel;

d.     Requiring Defendant to provide New Jersey Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all New Jersey Class members;

e.     Authorizing New Jersey Class Counsel to issue an approved form of notice informing the New Jersey Class members of the nature of the action and their right to opt-out of this lawsuit;

f.     Finding that Defendant willfully violated the applicable overtime provisions of the New Jersey Wage and Hour Regulations by failing to pay Plaintiffs and the New Jersey Class members at an overtime premium rate for all of their overtime hours worked;

g.     Granting judgment in favor of Plaintiff Jeter and the New Jersey Sub-Class members on their claim for violation of the New Jersey Wage and Hour Regulations;

h.     Awarding Plaintiff Jeter and the New Jersey Class members all compensatory damages owed under the New Jersey Wage and Hour Regulations;

i.     Awarding pre-judgment interest to Plaintiff Jeter and the New Jersey Class members on all compensatory damages due;

j.     Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim; and

k.      Declaring that Defendant willfully violated the New Jersey Wage

and Hour Regulations as set forth above and granting an injunction prohibiting

Defendant from continuing to violate the New Jersey Wage and Hour Regulations

on this basis; and

l.      Awarding any further relief the Court deems just, equitable and

proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

                                        Respectfully Submitted,

Dated: February 2, 2014                 /s/ David J. Cohen
                                        David J. Cohen
                                        KOLMAN ELY, P.C.
                                        414 Hulmeville Avenue
                                        Penndel, PA 19047
                                        (215) 750-3134
                                        dcohen@kolmanlaw.net

                                        Erik H. Langeland (*pro hac vice forthcoming*)
                                        733 Third Avenue, 15th Floor
                                        New York, N.Y. 10017
                                        (212) 354-6270
                                        elangeland@langelandlaw.com

                                        Jon A. Tostrud (*pro hac vice forthcoming*)
                                        TOSTRUD LAW GROUP, P.C.
                                        1925 Century Park East, Suite 2125
                                        Los Angeles, CA 90067
                                        (310) 278-2600
                                        jtostrud@tostrudlaw.com

                                        *Counsel for Plaintiffs and the Putative Classes*

# Exhibit A

**Gateway Funding**
**Plaintiff Consent Form**

**Complete and Return To:**
**Erik H. Langeland, P.C.**
**Attn: Gateway Funding Class Action**
**500 Fifth Avenue, Suite 1610**
**New York, NY 10110**
**(212) 354-6270**
**(212) 898-9086 (Fax)**
**elangeland@langelandlaw.com**

By signing below, I state that I have been employed by Gateway Funding or one of its subsidiaries or affiliates as a loan officer, or other similarly titled position within the past three (3) years and: A) was not paid minimum wage; and/or, B) worked in excess of forty (40) hours per week in at least one workweek but was not paid overtime compensation. I hereby consent to join this lawsuit for violations of the Fair Labor Standards Act, 29U.S.C. Sec. 201 *et seq.*

I hereby designate ERIK H. LANGELAND, P.C. ("Plaintiffs' Counsel") and other attorneys with whom he may associate to represent me for all purposes of this action.

I also designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

January 8, 2015
_____
Date

*Ralph Jeter*
_____
Signature
Ralph Jeter
_____
Print Name

Gateway Funding
Plaintiff Consent Form

Complete and Return To:
Erik H. Langeland, P.C.
Attn: Gateway Funding Class Action
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

By signing below, I state that I have been employed by Gateway Funding or one of its subsidiaries or affiliates as a loan officer, or other similarly titled position within the past three (3) years and: A) was not paid minimum wage; and/or, B) worked in excess of forty (40) hours per week in at least one workweek but was not paid overtime compensation. I hereby consent to join this lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*

I hereby designate ERIK H. LANGELAND, P.C. ("Plaintiffs' Counsel") and other attorneys with whom he may associate to represent me for all purposes of this action.

I also designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

1/14/2015
Date

Signature

Cesar R. Rocha
Print Name

Gateway Funding
Plaintiff Consent Form

<u>Complete and Return To:</u>
Erik H. Langeland, P.C.
Attn: Gateway Funding Class Action
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

By signing below, I state that I have been employed by Gateway Funding or one of its subsidiaries or affiliates as a loan officer, or other similarly titled position within the past three (3) years and: A) was not paid minimum wage; and/or, B) worked in excess of forty (40) hours per week in at least one workweek but was not paid overtime compensation.   I hereby consent to join this lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*

I hereby designate ERIK H. LANGELAND, P.C. ("Plaintiffs' Counsel") and other attorneys with whom he may associate to represent me for all purposes of this action.

I also designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

_1 9 15_
Date

_Paul W___
Signature

_PAUL WILSON_
Print Name