# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CESAR ROCHA and RALPH JETER, | : |  |
| Individually, and on Behalf of All Others | : |  |
| Similarly Situated, | : | Civil Action No.  15-482 |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| GATEWAY FUNDING DIVERSIFIED | : |  |
| MORTGAGE SERVICES, L.P., | : |  |
|  | : |  |
| Defendant. | : |  |

_____

## CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Class and Collective Action Settlement Agreement is made and entered into by and among Plaintiffs Cesar Rocha, Ralph Jeter, Tina Trettel, and Rickey Brown ("Named Plaintiffs"), individually and on behalf of themselves and all others similarly situated, including the FLSA Class, the New Jersey Rule 23 Class, the Pennsylvania Rule 23 Class, and the California Rule 23 Class.  The Named Plaintiffs, the New Jersey Rule 23 Class, the Pennsylvania Rule 23 Class, the California Rule 23 Class, and Defendant Gateway Funding Diversified Mortgage Services, L.P. ("Defendant") are collectively referred to as the "Parties."

## RECITALS AND BACKGROUND

1.      On February 2, 2015, Named Plaintiffs Rocha and Jeter commenced this Litigation by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania. In the Complaint, Named Plaintiffs Rocha and Jeter asserted violations of (a) the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of themselves and all other Loan Officers employed by Defendant who were allegedly misclassified as exempt outside salespeople under the FLSA during the preceding three years and (b) the New Jersey Wage and Hour Law and its associated Regulations on behalf of Named Plaintiff Jeter and all other Loan Officers in New Jersey who were allegedly misclassified as exempt outside salespeople under New Jersey law during the preceding three years.

2.      Defendant timely answered the Complaint on March 13, 2015, disputing the material allegations both as to fact and law, and denying any liability to Named Plaintiffs or to other current or former employees.  Thereafter, the Parties engaged in pre-certification discovery,

Settlement Agreement Page 1 of 18

including document requests and interrogatories directed at whether the Named Plaintiffs' claims were appropriate for conditional certification under the FLSA.

 3. On August 31, 2015, Named Plaintiffs filed a Motion seeking conditional certification of a nationwide class of individuals who were allegedly misclassified by Defendant as exempt outside salespeople under the FLSA during the preceding three years. On June 1, 2016, the Court granted Named Plaintiffs' Motion.

 4. Following the Court's decision, the Parties engaged in additional discovery relating to the merits of the Named Plaintiffs' claims and the Named Plaintiffs sent to Defendant (but did not at the time file) a proposed Amended Complaint that added state law claims asserting violations of Pennsylvania and California law arising out of the same alleged misclassification.

 5. At the same time, the Parties commenced and engaged in substantial settlement discussions, including one half-day and two full-day mediation sessions in Philadelphia, PA with a respected mediator, the Hon. Diane M. Welsh (Ret.).

 6. On October 27, 2017, the Parties' ongoing settlement negotiations culminated in this Settlement Agreement.

## I. DEFINITIONS

 The defined terms set forth in this Agreement have the meanings ascribed to them below.

 1.1 The **Action** means the lawsuit entitled *Rocha , et al. v. Gateway Funding Diversified Mortgage Services, L.P.*, Case No. 15-482, pending in the United State District Court for the Eastern District of Pennsylvania (Hon. John R. Padova).

 1.2 **Agreement** or **Settlement Agreement** means this Settlement Agreement.

 1.3 **Authorized Claimant** means a Rule 23 Class Member or the authorized legal representative of such Rule 23 Class Member, who timely and validly submits a Rule 23 Claim Form.

 1.4 **Attorney's Fees and Expenses** means an amount equal to five hundred fifty thousand dollars ($558,839.05) that Class Counsel may request the Court award from the Settlement Fund in full satisfaction of Class Counsel's fees, costs, and expenses in the Litigation.

 1.5 **California Rule 23 Class** shall include all Class Members who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies in the State of California at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked, but shall exclude any such people who timely request to opt-out of the Settlement.

1.6     **Class Certification Order** means an Order entered by the Court granting class certification, for purposes of settlement, to the New Jersey Rule 23 Class, the Pennsylvania Rule 23 Class, and the California Rule 23 Class.

1.7     **Class Counsel** or **Plaintiffs' Counsel** shall mean Erik H. Langeland, Esq., 733 Third Avenue, 15th Floor, New York, NY 10017, Jon A. Tostrud, Esq., Tostrud Law Group, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, and James B. Zouras, Ryan F. Stephan, and David J. Cohen, Esq., Stephan Zouras, LLP, 205 North Michigan Avenue, Suite 2560, Chicago, IL 60601.

1.8     **Class List** means a list of all FLSA Class Members and Rule 23 Class Members, identified by name, last known address, last known email address (if known), social security number (if known), status as a member of the FLSA Class or the Rule 23 Class, and Individual Work Weeks, contained in a confidential document that the Defendant shall provide to the Settlement Administrator.  The Class List is to be used by the Settlement Administrator to effectuate settlement, and may not be used for any other purpose by the Settlement Administrator. Class Counsel will be provided with all such information, excluding social security numbers.

1.9     **Class Members** means, collectively, the FLSA Class Members and the Rule 23 Class Members.

1.10     **Court** means the United States District Court for the Eastern District of Pennsylvania.

1.11     **Defendant** means the Gateway Funding Diversified Mortgage Services, L.P., as well as its present and former owners (including, without limitation, Finance of America Mortgage, LLC), stockholders, predecessors, successors, assigns, agents, directors, officers, members, shareholders, employees, representatives, insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

1.12     **Defendant's Counsel** means Frederick G. Sandstrom, Esq of Blank Rome LLP, 130 N. 18th Street, Philadelphia, Pennsylvania 19103.

1.13     **Effective Date** means the date upon which all of the following have occurred: (a) entry of the Final Approval Order; and (b) the expiration of the appeal rights of all Parties. However, if no timely and valid objections to the settlement are received, then the Effective Date means the date three (3) business days after entry of the Final Approval Order.

1.14     **Employer Payroll Taxes** means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

1.15     **Final Approval Order** means the Order entered by the Court approving the terms of the Rule 23 Settlement.

1.16    **FLSA Class** and **FLSA Class Members** shall include all members of the conditionally certified FLSA collective and means all people who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked who have opted-in to this Litigation.

1.17    **FLSA Class Work Weeks** means the cumulative number of weeks worked by all FLSA Class Members as Loan Officers classified as exempt under the FLSA and/or state law during the Class Period.

1.18    **FLSA Settlement Fund** means that portion of the Net Settlement Amount that shall be allocated and paid to the FLSA Class Members in exchange for a release of claims against the Released Parties, as described in Section 3.3.1.

1.19    **FLSA Settlement Notice** means the Court-approved notice informing the FLSA Class Members of the final settlement of the FLSA collective action, as authorized in the Preliminary Approval Order.

1.20    **Individual Share** means the proportion of a FLSA Class Member's or Rule 23 Class Member's Individual Work Weeks to the FLSA Class Work Weeks or Rule 23 Class Work Weeks.

1.21    **Individual Work Weeks** means the total number of weeks worked by a FLSA Class Member or a Rule 23 Class Member for Defendant as a Loan Officer classified as exempt under the FLSA and/or state law during the Class Period.

1.22    **Named Plaintiff Service Payments** means the amounts, if any, that the Named Plaintiffs may apply to receive from the Court in return for services rendered to the Class Members, and which Defendants agree to not oppose.

1.23    **Named Plaintiffs** refers to Cesar Rocha, Ralph Jeter, Tina Trettel, and Rickey Brown, individually and collectively.

1.24    **Net Settlement Amount** means the Settlement Amount, after deductions by (a) Attorney's Fees and Expenses; (b) Named Plaintiff Service Payments; and (c) the mandatory Private Attorneys General Act ("PAGA") payment to the California Labor and Workforce Development Agency ("LWDA").

1.25    **New Jersey Rule 23 Class** shall include all Class Members who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies in the State of New Jersey at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked, but shall exclude any such people who timely request to opt-out of the Settlement.

1.26    **Pennsylvania Rule 23 Class** shall include all Class Members who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies in the Commonwealth of Pennsylvania at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked, but shall exclude any such people who timely request to opt-out of the Settlement.

1.27    **Preliminary Approval Order** means the Order entered by the Court preliminarily approving the Rule 23 Settlement and the terms of the FLSA Settlement, and certifying the Rule 23 Class for purposes of this settlement.

1.28    **Remainder Amount** means any unclaimed funds that exist after the deadline for returning the Rule 23 Claim Form has passed.

1.29    **Rule 23 Claim Form** means the Court-approved form, which shall accompany the Rule 23 Notice, that a Rule 23 Class Member must timely return to the Settlement Administrator to become an Authorized Claimant.

1.30    **Rule 23 Class Members** means, collectively, the members of the New Jersey Rule 23 Class, Pennsylvania Rule 23 Class, and California Rule 23 Class.

1.31    **Rule 23 Class Work Weeks** means the cumulative number of weeks worked by all Rule 23 Class Members as Loan Officers classified as exempt under the FLSA and/or state law during the Class Period.

1.32    **Rule 23 Notice** means the Court-approved Notice of Proposed Settlement of Class Action Lawsuit as authorized in the Preliminary Approval Order.

1.33    **Rule 23 Settlement Fund** means that portion of the Net Settlement Amount that shall be allocated and paid to the Rule 23 Class Members in exchange for a release of claims against the Released Parties, as described in Section 3.3.2.

1.34    **Released Claims** means, for each Named Plaintiff, FLSA Class Member, and Rule 23 Class Members, the claims described in Section 6.1

1.35    **Released Parties** shall mean Defendant, as defined herein, and its respective affiliates, subsidiaries, predecessors, successors and all other related entities (irrespective of business entity form), including but not limited to all of their incumbent and former officers, directors, owners, members, managers, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities.

1.36    **Settlement Administrator** means RG/2 Claims Administration, LLC.

1.37    **Settlement Amount** refers to the sum of one million five hundred thousand dollars ($1,500,000.00).

1.38     **Total Award** means the total settlement due to a FLSA Class Member or Rule 23 Class Member under this Agreement.

## II.     DENIAL OF LIABILITY.

Defendant has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendant, nor as an admission that a class or collective action should be certified for any purpose in this case other than settlement purposes.

## III.     TERMS OF SETTLEMENT

3.1     **Settlement Amount.** The Settlement Amount is one million five hundred thousand dollars ($1,500,000.00).   Defendant shall transmit the Settlement Amount to the Settlement Administrator within three (3) business days following the Effective Date.  Except for certain costs of administration of the Settlement described in Section 3.6 below, Defendant will not be required to make any payment in connection with this Agreement in excess of the Settlement Amount, other than applicable Employer Payroll Taxes, as set forth in Section 5.1.3, and costs of settlement administration, as set forth in Section 3.6.

3.2     **Net Settlement Amount**.  The Net Settlement Amount will be one million five hundred thousand dollars ($1,500,000.00), less (a) Attorney's Fees and Expenses; (b) Named Plaintiff Service Payments; and (c) the mandatory PAGA payment to the California LWDA under Cal. Lab. Code section 2699 et seq.

3.3     **Allocation of the Net Settlement Amount.**  The Net Settlement Amount shall be allocated amongst the Class Members as follows:

3.3.1     **FLSA Settlement Fund.**  The FLSA Settlement Fund will consist of roughly $544,039.67 to pay claims belonging to the FLSA Class Members.  Class Counsel and/or the Settlement Administrator will calculate these payments pursuant to the following formula within fourteen (14) days of Defendant's production of the Class List:

**Individual Share = Individual Work Weeks / FLSA Class Work Weeks**

For tax purposes, each FLSA Settlement Fund payment will be allocated 50% to back pay and 50% to liquidated damages.

3.3.2     **Rule 23 Settlement Fund.**  The Rule 23 Settlement Fund will consist of roughly $362,693.11 to pay claims belonging to the Rule 23 Class Members.  Class Counsel and/or the Settlement Administrator will calculate these payments pursuant to the following formula within fourteen (14) days of Defendant's production of the Class List:

**Individual Share = Individual Work Weeks / Rule 23 Class Work Weeks**

101257.00204/106342627v.5

For tax purposes, each Rule 23 Settlement Fund payment will be allocated 50% to back pay and 50% to liquidated damages.

3.4     **PAGA Penalties.**   The Parties agree that $5,000.00 of the  Settlement Amount is in consideration for a full and complete release of any claim that penalties may be owed pursuant to PAGA for alleged violations of the Labor Code that were or could have been asserted in the Action.  This amount, which represent the LWDA's 75% share of the allocated settlement of the claim under California Labor Code section 2698, *et seq.*, shall be reserved by the Settlement Administrator to be provided to the LWDA in satisfaction of any claim for penalties that may be owed to that agency under PAGA.

3.5     **Attorney's Fees and Expenses**.  Class Counsel and the Named Plaintiffs will ask the Court to award Attorney's Fees and Expenses and Named Plaintiff Service Payments out of the Settlement Amount.  Any such amounts awarded by the Court shall be reported as IRS Form 1099 income to Class Counsel, and shall be paid to Class Counsel by the Settlement Administrator from the Settlement Fund, in accordance with instructions that Class Counsel shall provide to Defendants, within two (2) business days following the Effective Date.  Should the Court not approve Attorney's Fees and Expenses in the form or amount requested by Class Counsel or modify such requested award, it shall have no impact on the validity of the remainder of this Agreement provided that such modification does not increase the Settlement Amount or otherwise increase Defendant's obligations under this Settlement Agreement.  The Parties will otherwise bear their own costs, expenses, and attorneys' fees associated with the Litigation.

3.6     **Named Plaintiff Service Payments**.  Class Counsel reserves the right to request up to thirty thousand dollars ($30,000.00) as Named Plaintiff Service Payments. There are four Named Plaintiffs who would be sharing the service payments if approved by the Court. For Cesar Rocha and Ralph Jeter, Plaintiffs will request $10,000.00 each. For Tina Trettel and Rickey Brown, Plaintiffs will request $5,000 each.

3.7     **Costs of Settlement Administration**.  Defendant will pay the Settlement Administrator's reasonable costs of notice and settlement administration, which payments shall be separate from the Settlement Amount.  The Parties shall otherwise bear their own costs associated with administration of the Settlement and such costs shall not be deducted from the Settlement Amount.

3.8     **Cooperation of the Parties**.  The Parties shall cooperate in all steps necessary to carry out the terms of this Agreement, which is subject to preliminary and final approval by the Court.

3.9     **Binding Settlement**.  All FLSA Class Members and Rule 23 Class Members (excluding those who timely opt-out of this Agreement) shall be bound by the terms and conditions of this Agreement, the Preliminary Approval Order, the Final Approval Order, and the judgment and the releases set forth herein, and will be deemed to have waived all objections and oppositions to the fairness, reasonableness, and adequacy of this Settlement.

## IV.     APPROVAL AND NOTICE PROCEDURES

4.1     **Court Approval of Settlement.**  The Parties agree to seek Court approval of this Agreement.  To obtain such approval, Named Plaintiffs and Class Counsel shall timely file this Agreement, a Motion for Approval of FLSA Collective Action Settlement and Preliminary Approval of Rule 23 Class Action Settlement, and any necessary documents, memoranda, declarations, and/or exhibits necessary for approval of an FLSA collective action settlement, certification of a Rule 23 class action for settlement purposes only, and preliminary approval of a class action settlement.  Defendant's Counsel shall have the opportunity to review the terms of the proposed filing in advance to ensure that it is consistent with this Agreement.

4.2     **Notice Procedures for FLSA Class Members**.

4.2.1     Concurrently with the filing of the Preliminary Approval Order, Defendant's Counsel shall provide the Settlement Administrator with the Class List and Class Counsel shall provide the Settlement Administrator with the approved FLSA Settlement Notice. FLSA class members are not required to submit a claim form to receive their share of the Settlement Amount.

4.2.2     Within seven (7) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail the FLSA Settlement Notice to all FLSA Class Members, via First Class United States Mail.  If any such mailing is returned as undeliverable, the Settlement Administrator shall promptly advise the Parties and attempt to locate such FLSA Class Member through an electronic search and shall promptly re-send the mailing to any updated address.

4.2.3     Ineligible FLSA Class Members will be dismissed without prejudice. Within fourteen (14) days after the filing of the Preliminary Approval Order, Class Counsel will send a letter to the Ineligible FLSA Class Members identifying the reason that they are ineligible and informing them that they may contact Class Counsel with any questions.

4.2.4     Any dismissals referenced in Section 4.2.3 will occur in conjunction with the Final Approval Order.

4.3     **Notice and Claims Procedures for Rule 23 Class Members.**

4.3.1     Concurrently with the filing of the Preliminary Approval Order and the Class Certification Order, Defendant's Counsel shall provide the Settlement Administrator with the Class List and Class Counsel shall provide the Settlement Administrator with the approved Rule 23 Notice and Rule 23 Claim Form.

4.3.2     Within seven (7) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail the Rule 23 Notice and Rule 23 Claim Form to all Rule 23 Class Members, via First Class United States Mail.  If any such mailing is returned as undeliverable, the Settlement Administrator shall promptly advise the Parties and attempt to locate

Settlement Agreement Page 8 of 18

such Rule 23 Class Member through an electronic search and shall promptly re-send the mailing to any updated address.

4.3.3    Rule 23 Class Members shall have thirty (30) days from the postmark date of the mailing referenced in Section 4.3.2 to return a completed Rule 23 Claim Form to the Settlement Administrator.  Rule 23 Class Members who timely return a completed Rule 23 Claim Form to the Settlement Administrator will be deemed Authorized Claimants.  To be effective for purposes of becoming an Authorized Claimant, a Rule 23 Claim Form must be postmarked, emailed, or faxed to the Settlement Administrator within the thirty-day (30-day) period and include a signature in the designated area.

4.3.4    After the deadline for returning the Rule 23 Claim Form has passed has passed, any Remainder Amount shall be redistributed to the FLSA Class Members and Rule 23 Class Members who have submitted a timely Rule 23 Claim Form.  Class Counsel shall determine the redistributed amounts due to the participating Class Members.  The redistributed amounts shall be calculated as set forth in Sections 3.3.1 and 3.3.2. The redistribution shall only occur if the cost of the redistribution does not exceed the amount to be redistributed.  If the redistribution does not occur or if there are checks which have not been negotiated ninety days after a redistribution, the Settlement Administrator will thereafter send the funds to a cy pres recipient agreed upon by the Parties and approved by the Court as part of the final approval order.

4.3.5    Rule 23 Class Members may choose to opt-out and be excluded from the settlement by sending, via First Class United States Mail, a written, signed statement to the Settlement Administrator that includes his or her name, address, telephone number, and a statement indicating his or her intention to opt-out, such as: "I opt out of the Gateway loan officer settlement" (an "Opt-Out Statement").  To be effective, an Opt-Out Statement must be postmarked by the end of the thirty-day (30-day) period referenced in Section 4.3.3.  The Settlement Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives, timely provide copies to Class Counsel and Defendant's Counsel, and shall retain the stamped originals and envelopes in its files.  The Settlement Administrator shall also, through Class Counsel, timely file with the Court copies of the stamped Opt-Out Statements.

4.3.6    Any Rule 23 Class Member who does not submit an Opt-Out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Final Approval Order in this case, and have any Released Claims released and dismissed with prejudice. Only those Rule 23 Class Members who timely complete and return a Rule 23 Claim Form will be deemed Authorized Claimants.

4.3.7    Rule 23 Class Members who wish to present objections to the settlement at the Fairness Hearing must first do so in writing.  To be considered, such statements must be sent to the Settlement Administrator, via First Class United States Mail, and be postmarked by the end of the thirty-day (30-day) referenced in Section 4.3.3.  The Settlement Administrator shall stamp the postmark date on the original of each objection that it receives, timely provide copies to Class Counsel and Defendant's Counsel, and shall retain the stamped originals and envelopes in its files. The Settlement Administrator shall also, through Class Counsel, timely file with the Court copies

of the stamped objections.  An objector has the right to appear at the Fairness Hearing, either in person or through counsel hired by the objector.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections.  An objector may withdraw his or her objections at any time.

4.3.8   A Rule 23 Class Member who has submitted an Opt-Out Statement may not submit objections to this settlement.  The Parties may file with the Court written responses to any filed objections no later than fourteen (14) days before the Fairness Hearing.

### 4.4   Final Court Approval of Rule 23 Settlement.

4.4.1   No later than fourteen (14) days before the Final Approval Hearing, the Named Plaintiffs will submit an Unopposed Motion for Final Approval of Rule 23 Class Action Settlement ("Motion for Final Approval").  Defendant's Counsel shall have the opportunity to review the terms of the proposed filing in advance to ensure that it is consistent with this Agreement.  The date of the Final Approval Hearing shall be set by the Court.

4.4.2   At the Final Approval Hearing and through the Motion for Final Approval, the Named Plaintiffs shall request that the Court, among other things, the Rule 23 Class for purposes of settlement only, approve the settlement as fair, reasonable, adequate, and binding on all Rule 23 Class Members who have not timely opted out of the settlement, dismiss any Ineligible FLSA Class Members without prejudice, grant the Named Plaintiffs' petition for Attorney's Fees and Expenses and Named Plaintiff Service Payments, issue an order dismissing the Litigation and entering final judgment, and retain jurisdiction to enforce the terms of this Agreement.

### 4.5   Termination of Agreement.

4.5.1   Either Party may terminate the Agreement if the Court declines to enter the Preliminary Approval Order or Final Approval Order, except if the Court declines to enter the Preliminary Approval Order or Final Approval Order because of the attorneys' fees sought by Class Counsel.  To terminate this Agreement, the terminating Party shall give written notice to the other Party via email and overnight mail.

4.5.2   If the Settlement Administrator receives timely and valid Claims Forms from more than 10% of the Rule 23 Class Members listed on the Class List, Plaintiffs reserve the right to terminate this Agreement in its entirety.

4.5.3   In the event of a termination (a) this Agreement shall be terminated as to the affected Parties and shall have no force or effect, (b) Defendant shall have no obligation to make any payments to any Party, FLSA Class Member, Rule 23 Class Member, Authorized Claimant, or Class Counsel (and Class Counsel and Defendant shall share equally the costs and expenses of the Settlement Administrator associated with the mailing of termination notice), (c) the Settlement Administrator will provide a Court-approved notice to FLSA and Rule 23 Class Members, send by First Class United States Mail, that the Agreement did not receive Final Approval and that, as a result, no payments will be made under the Agreement, (d) the Parties may

jointly or individually seek reconsideration of a ruling by the Court declining to enter the Preliminary Approval Order or Final Approval Order in the form submitted by the Parties, or to seek Court approval of a renegotiated settlement, and (e) the Litigation will resume as if no settlement had been attempted and the Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the action prior to the entering of this Agreement.

## V.    PAYMENT OBLIGATIONS

5.1     As provided in Section 3.1, Defendant shall transmit the Settlement Amount to the Claims Administrator within three (3) business days following the Effective Date. The Settlement Administrator will deposit the Settlement Amount in a Qualified Settlement Fund.

5.2     **Payments to the FLSA Class Members:**

5.2.1    The Settlement Administrator will allocate the full portion of the FLSA Settlement Fund for distribution to the FLSA Class Members to a Qualified Settlement Fund.

5.2.2    The Settlement Administrator shall make payment to the FLSA Class Members out of the FLSA Settlement Fund within fourteen (14) days of receiving the Settlement Fund payment from Defendant.  The Settlement Administrator shall prepare, in its discretion, either one or two checks payable to each FLSA Class Member, which shall equal each FLSA Class Member's Total Award.  Fifty percent (50%) of the gross amount Total Award shall be considered a payment of wages from the FLSA Settlement Fund and shall be reflected on a Form W-2 issued to the FLSA Class Member by the Settlement Administrator and fifty percent (50%) of the gross amount of the Total Award shall be considered a non-wage payment for liquidated damages from the FLSA Settlement Fund and shall be reflected on a Form 1099 issued to the FLSA Class Member by the Settlement Administrator.

5.2.3    The employee portion of all applicable income and payroll taxes, as well as the taxes on the liquidated damages payment, will be the responsibility of the individual FLSA Class Member, who agrees to indemnify and hold harmless Defendant, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to the FLSA Class Member's failure to pay taxes on any amounts paid pursuant to this Agreement. The Settlement Administrator shall be responsible for remitting to the tax authorities all payroll taxes for payments out of the Settlement Fund. All applicable Employer Payroll Taxes shall be the responsibility of Defendant. The Settlement Administrator shall be responsible for notifying Defendant of the total of the employer's share of such taxes.

5.2.4    The FLSA Class Members will have one hundred eighty (180) days from the date the checks are issued to negotiate them. The Settlement Administrator, in conjunction with Class Counsel and/or Defense Counsel, will endeavor to locate any FLSA Class Members whose checks are returned and promptly cause their checks to be delivered to them.  Forty-five (45) days from the date of mailing of the FLSA Settlement checks, the Settlement Administrator will provide Class Counsel and Defense Counsel with a report reflecting which checks have not

been negotiated.  Class Counsel will be free to contact any FLSA Class Members whose checks were not negotiated and urge them to promptly negotiate their checks. After one hundred eighty (180) days, the Settlement Administrator may stop payments on any checks issued to FLSA Class Members that have not been negotiated, and the Settlement Administrator will provide Class Counsel and Defense Counsel with a list of checks that have not been negotiated.

### 5.3    Payments to the Rule 23 Class Members

5.3.1    The Settlement Administrator will allocate the full portion of the Rule 23 Settlement Fund for distribution to the Rule 23 Class Members to a Qualified Settlement Fund.

5.3.2    The Settlement Administrator shall make payment to the Rule 23 Class Members out of the Rule 23 Settlement Fund within fourteen (14) days of receiving the Settlement Fund payment from Defendant.  The Settlement Administrator shall prepare, in its discretion, either one or two checks payable to each Rule 23 Class Member, which shall equal each Rule 23 Class Member's Total Award. Fifty percent (50%) of the gross amount Total Award shall be considered a payment of wages from the Rule 23 Settlement Fund and shall be reflected on a Form W-2 issued to the Rule 23 Class Member by the Settlement Administrator and fifty percent (50%) of the gross amount of the Total Award shall be considered a non-wage payment for liquidated damages from the Rule 23 Settlement Fund and shall be reflected on a Form 1099 issued to the Rule 23 Class Member by the Settlement Administrator.

5.3.3    The employee portion of all applicable income and payroll taxes, as well as the taxes on the liquidated damages payment, will be the responsibility of the individual Rule 23 Class Member, who agrees to indemnify and hold harmless Defendant, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to the Rule 23 Class Member's failure to pay taxes on any amounts paid pursuant to this Agreement. The Settlement Administrator shall be responsible for remitting to the tax authorities all payroll taxes for payments out of the Settlement Fund. All applicable Employer Payroll Taxes shall be the responsibility of Defendant. The Settlement Administrator shall be responsible for notifying Defendant of the total of the employer's share of such taxes.

5.3.4    The Rule 23 Class Members will have one hundred eighty (180) days from the date the checks are issued to negotiate them. The Settlement Administrator, in conjunction with Class Counsel and/or Defense Counsel, will endeavor to locate any Rule 23 Class Members whose checks are returned and promptly cause their checks to be delivered to them.  Forty-five (45) days from the date of mailing of the Rule 23 Settlement checks, the Settlement Administrator will provide Class Counsel and Defense Counsel with a report reflecting which checks have not been negotiated.  Class Counsel will be free to contact any Rule 23 Class Members whose checks were not negotiated and urge them to promptly negotiate their checks. After ninety (90) days, the Settlement Administrator may stop payments on any checks issued to Rule 23 Class Members that have not been negotiated, and the Settlement Administrator will provide Class Counsel and Defense Counsel with a list of checks that have not been negotiated.

5.4     Defendant, Class Counsel, and Defendant's Counsel will not be liable for checks cashed by persons other than the Settlement Class Members. Each Settlement Class Member will be deemed to have released Defendant, Class Counsel, and Defendant's Counsel from all liability as set forth in this Agreement even if his or her check is cashed by a person other than to whom the check is written.

5.5     Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, Defendant's bonus, pension, any 401(k) and/or other retirement plans or similar programs.

## VI.     RELEASES

### 6.1     Releases of Claims:

6.1.1     **FLSA Class Members and Rule 23 Class Members**.  By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, the FLSA Class Members and Rule 23 Class Members (excluding those who timely opt-out pursuant to this Agreement) hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendant and the Released Parties from any and all past and present matters, claims, demands, and causes of action for unpaid regular and overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the FLSA, 29 U.S.C. § 201, *et. seq.*, and/or any state or other law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation (including, without limitation, the New Jersey Wage and Hour Law, N.J.S.A. § 34:12-56a *et seq.* and N.J.A.C. § 12:56-5.1 *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 Pa C. S. §260.1, *et seq.* and the California Labor Code) based on any act or omission that occurred up to and including the date of the Final Approval Order.  The Released Claims shall expressly include any and all penalties established by PAGA for any of the claims described in this paragraph.

6.1.2     **Named Plaintiffs**.  In addition to the release contained in Section 6.1.1, and in consideration for the Named Plaintiff Service Awards, Named Plaintiffs, their heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Defendant and the Released Parties from any and all past and present matters, claims, demands, and causes of action, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the Family and Medical Leave Act;; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any contract (whether oral or written,

express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; and any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Defendant or the Released Parties based on any act or omission that occurred up to and including the date of the Final Approval Order.

6.2    The FLSA Class Members, Rule 23 Class Members, and Named Plaintiffs expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the California Civil Code, which provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Notwithstanding the choice of law provision in this Settlement Agreement, to the extent that California or other law may be applicable and enforceable, the FLSA Class Members, Rule 23 Class Members, and Named Plaintiffs hereby agree that the provisions of Section 1542 of the California Civil Code and all similar federal and state laws, rights, rules, and legal principles of any other jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by the FLSA Class Members, Rule 23 Class Members, and Named Plaintiffs, and further acknowledge that this provision is an essential and material term of this Agreement and the Releases herein.

## VII.   INTERPRETATION AND ENFORCEMENT

7.1    **Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

7.2    **No Assignment**. Class Counsel and Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

7.3    **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

7.4    **Binding Effect**. This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs and all FLSA Class Members and Rule 23 Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

7.5    **Arms' Length Transaction; Materiality of Terms**. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this

Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

7.6    **Captions**. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

7.7    **Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the Commonwealth of Pennsylvania, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

7.8    **Continuing Jurisdiction**. The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement in any way that would increase Defendant's payment obligations hereunder.

7.9    **Waivers, etc. to be in Writing**. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

7.10    **When Agreement Becomes Effective; Counterparts**. This Agreement shall become effective upon its full execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

7.11    **Disputes Related to Settlement Agreement**. Any disputes related to this Settlement Agreement that arise prior to the entry of Final Judgment shall be referred to Judge Diane Welsh for resolution and her decision shall be final and binding on the Parties and not subject to appeal.

7.12    **Extensions of Time.**  The Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Agreement, subject, if necessary, to approval by the Court.

7.13    **Deadlines Falling on Weekends of Holidays**.  To the extent any deadline set forth in this Settlement Agreement falls on a Saturday, Sunday, or legal holiday, that deadline shall be continued until the following business day.

101257.00204/106342627v.5

7.14   **Signatures**. This Agreement is valid and binding if signed by the Parties' authorized representatives.

7.15   **Facsimile and Email Signatures**. Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

7.16   **Construction**. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are no intended to be, and shall not be, construed against any party by virtue of draftsmanship

*[SIGNATURE PAGES FOLLOW]*

## VIII.   SIGNATURES

**WE AGREE TO THESE TERMS:**

**NAMED PLAINTIFFS:**

**CESAR ROCHA**

_____          DATED: 12/28/17

**RALPH JETER**

_____          DATED:_____

**TINA TRETTEL**

_____          DATED:_____

**RICKEY BROWN**

_____          DATED:_____

**CLASS COUNSEL:**

**STEPHAN ZOURAS, LLP**

_____          DATED:_____

Settlement Agreement Page 17 of 18

**ERIK H. LANGELAND, P.C.**

_____          DATED:____12/28/17_____

**TOSTRUD LAW GROUP, P.C.**

_____          DATED:_____

**DEFENDANT:**

**GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, L.P.**

_____          DATED:_____

By: _____

Settlement Agreement Page 18 of 18

## VIII.   SIGNATURES

**WE AGREE TO THESE TERMS:**

**NAMED PLAINTIFFS:**

**CESAR ROCHA**

_____     DATED:_____


**RALPH JETER**

_Ralph Jeter_ _____     DATED: _12/28/2017_

**TINA TRETTEL**

_____     DATED:_____


**RICKEY BROWN**

_____     DATED:_____


**CLASS COUNSEL:**

**STEPHAN ZOURAS, LLP**

_____     DATED:_____


Settlement Agreement Page 17 of 18

## VIII.   SIGNATURES

**WE AGREE TO THESE TERMS:**

**NAMED PLAINTIFFS:**

**CESAR ROCHA**

_____     DATED:_____

**RALPH JETER**

_____     DATED:_____

**TINA TRETTEL**

_____     DATED:___12.28.17___

**RICKEY BROWN**

_____     DATED:_____

**CLASS COUNSEL:**

**STEPHAN ZOURAS, LLP**

_____     DATED:_____

Settlement Agreement Page 17 of 18

## VIII.   SIGNATURES

**WE AGREE TO THESE TERMS:**

**NAMED PLAINTIFFS:**

**CESAR ROCHA**

_____       DATED:_____

**RALPH JETER**

_____       DATED:_____

**TINA TRETTEL**

_____       DATED:_____

**RICKEY BROWN**

_____       DATED: _12-28-2017_

**CLASS COUNSEL:**

**STEPHAN ZOURAS, LLP**

_____       DATED:_____

Settlement Agreement Page 17 of 18

**ERIK H. LANGELAND**

_____                 DATED:_____

**TOSTRUD LAW GROUP, P.C.**

_____                 DATED:_____

**DEFENDANT:**

**GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, L.P.**

_____                 DATED: 3/5/18

By: _Frereim G Sanrxan   (cancen  4 Mnmver)_

Settlement Agreement Page 18 of 18