IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR ROCHA and RALPH JETER, Individually, and on Behalf of All Others Similarly Situated | : : : : | CIVIL ACTION |
| v. | : : | |
| GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES, L.P. | : : | NO. 15-482 |

FILED
APR 02 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**FINAL APPROVAL ORDER**

**AND NOW**, this 2nd day of April, 2018, upon consideration of Plaintiffs' Unopposed Motion for Final Collective and Class Action Settlement Approval, Plaintiffs' Supplemental Brief in Support of Proposed Incentive, Fee and Cost Payments, all supporting documents and exhibits, the representations of counsel for both Parties during the April 2, 2018 Final Approval Hearing, and all related submissions and proceedings, and having provisionally certified, by Order entered on January 16, 2018, a FLSA collective and three Settlement Sub-Classes, we find as follows:

1.  Final Certification for settlement purposes of the FLSA collective defined by the Parties' Settlement Agreement in this case is appropriate pursuant to 29 U.S.C. § 216(b).

2.  Final Certification for settlement purposes of the three Sub-Classes defined by the Parties' Settlement Agreement in this case is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

3.  Notice to the Settlement Sub-Classes required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order dated January 16, 2018. Such Notice has been given in an adequate and sufficient manner;

constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

4. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

5. The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the FLSA collective and the Settlement Sub-Classes in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6. The relief provided under the settlement constitutes fair value given in exchange for the release of claims.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT**:

7. The following FLSA collective is certified pursuant to 29 U.S.C. § 216(b):

all members of the conditionally certified FLSA collective and means all people who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked who have opted-in to this Litigation.

8. The following Sub-Classes are certified pursuant to Federal Rule of Civil Procedure 23(a) and (b):

**The California Rule 23 Sub-Class**:

all Class Members who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies in the State of California at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked, but shall exclude any such people who timely request to opt-out of the Settlement.

The New Jersey Rule 23 Sub-Class:

all Class Members who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies in the State of New Jersey at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked, but shall exclude any such people who timely request to opt-out of the Settlement.

**The Pennsylvania Rule 23 Sub-Class**:

all Class Members who worked as inside sales Loan Officers for Defendant, its subsidiaries, or affiliated companies in the Commonwealth of Pennsylvania at any time between February 2, 2012 and the Effective Date who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked, but shall exclude any such people who timely request to opt-out of the Settlement.

9. The terms of the proposed $1,500,000.00 settlement set forth in the Settlement Agreement is approved as fair, reasonable and adequate based upon this Court's consideration of each of the relevant factors, including: the quality of the result reached in this litigation, the speed and efficiency of this result, the total value of the lodestar accumulated by Class Counsel in the liti8gation of these claims, the fact that no Class Member has objected to, or sought exclusion from, the proposed settlement.

10. The Settlement Administrator shall promptly perform final calculations for the Class member damage payments and make these payments as provided by the Settlement Agreement.

11. The Court hereby approves payment of $30,000.00 in Enhancement Awards to Named Plaintiffs Cesar Rocha ($10,000.00), Ralph Jeter ($10,000.00), Tina Trettel ($5,000.00), and Rickey Brown ($5,000.00), as fair, reasonable and adequate compensation for the services they provided and the risks they incurred during the course of this litigation. The Settlement Administrator shall make these payments as provided by the Settlement Agreement.

12. The Court hereby approves payment of a $5,000.00 penalty payment to the California Labor & Workforce Development Agency under the private Attorneys General Act. The Settlement Administrator shall make this payment as provided by the Settlement Agreement.

13. The Court hereby approves the requested $525,000.00 attorneys' fee, the proposed $33,262.22 cost reimbursement to Class Counsel described in the Settlement Agreement and Plaintiffs' Supplemental Brief as fair, reasonable and adequate based on this Court's consideration of each of the relevant factors, including: the quality of the result reached in this litigation, the speed and efficiency of this result, the total value of the lodestar accumulated by Class Counsel in the litigation of these claims, and the fact that no Class Member has objected to, or sought exclusion from, the proposed settlement. The Settlement Administrator shall make these payments as provided by the Settlement Agreement.

14. Without affecting the finality of this Order, the Court retains jurisdiction for the purpose of enabling the settling Parties to apply to this Court for such further orders or guidance as may be necessary for the construction, modification, or enforcement of the Settlement Agreement or this Order.

BY THE COURT:

_____
John R. Padova, J.